THOMAS G. KENT *vs.* SALEM LEE & Trustee.

A writ against a mortgagor in possession, and against the mortgagee as his trustee, under *St.* 1844, *c.* 148, § 2, must be served by copy on the principal defendant, like other trustee processes.

BIGELOW, J. This s a process under *St.* 1844, *c.* 148, § 2, which authorizes a creditor to attach personal property under mortgage, when in the possession of the mortgagor, in like manner as if unincumbered, and to summon the mortgagee or his assigns as the trustee of the mortgagor. The only question raised is as to the sufficiency of the service of the writ on the defendant, which was by a separate summons, as in the ordinary case of an attachment of the goods or estate of the defendant. The objection to the service is, that it should have been made, as in case of a trustee writ, according to *St.* 1837, *c.* 210, § 1, and Rev. Sts. 90, § 39, in the same manner as an original summons without an attachment, by reading it to the defendant or serving him with a copy thereof.

This objection is supported by a literal interpretation of the language of *St.* 1844, *c.* 148, § 2, which, in giving the right to summon the mortgagee as trustee, uses the same phraseology as that adopted in Rev. Sts. *c.* 109, §§ 3, 4, concerning the process of foreign attachment. It is there provided that in such case the writ shall be in the form authorizing an attachment of the goods and estate of the debtor, and the person having goods, effects and credits of the principal defendant, " may be summoned as trustee." So under this statute the writ authorizes an attachment of the property of the debtor, and provides that " the mortgagee may be summoned as trustee." This is quite decisive, according to the well known rule of exposition of statutes, that where language is used having a well settled meaning fully understood in its application to a subject matter, it is to be interpreted in conformity with its usual signification, unless it clearly appears to have been used in a different sense. There is nothing in the statute under which the present action is brought, to indicate

that the mortgagee was to be summoned as trustee in any different manner or by any other process than that adopted in case of foreign attachment.

But upon looking more closely into the provisions of this statute, it will be found to be only a slight extension of the trustee process, as used in connection with the same subject in the Rev. Sts. *c.* 109, §§ 25–28, and *St.* 1829, *c.* 124. By those provisions of statute a mortgagee having goods mortgaged in his possession might be summoned and charged as trustee under an order of court allowing the plaintiff to pay or tender the amount due to the trustee under the mortgage; and thereupon the mortgagee was to deliver the goods to the officer holding the execution issued in the suit, as in other cases where specific articles were in the hands of a trustee belonging to the principal defendant. The *St.* of 1844, *c.* 148, only extended this right to summon the mortgagee as trustee to cases where he was not in actual possession of the mortgaged property, with the additional right to the plaintiff of attaching the mortgaged property in possession of the mortgagor, similar provisions being made for the payment by the attaching creditor to the mortgagee of the amount found due under his mortgage. It seems to us therefore that the legislature did not intend to alter the process by which a creditor was enabled to reach mortgaged property, adjust the respective rights of the parties to it, and, after satisfying the lien upon it, apply it to the payment of his debt. It was only an extension of the same process, rendering it more efficacious, but not changing its nature, or the mode in which it was to be served. It follows that the present action must be regarded as a trustee process, and not having been served according to law, the entry must be

*Action dismissed.*

*T. G. Kent,* pro se.
*C. C. Esty,* for the defendant.